# EXHIBIT A



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

THOMAS J. ALSTON
    Vs.                                                      C.A. No.    2020 CA 003975 B
CAPITAL ONE FINANCIAL CORPORATION et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                                                             Chief Judge Robert E. Morin

Case Assigned to: Judge HIRAM E PUIG-LUGO
Date: September 14, 2020
Initial Conference: 9:30 am, Friday, December 11, 2020
Location: Courtroom 318
         500 Indiana Avenue N.W.
         WASHINGTON, DC 20001

                                                                                                                                        CAIO-60

**Superior Court of the District of Columbia**
CIVIL DIVISION
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

Thomas Alston
_____
Plaintiff
vs.

Home Depot U.S.A. et. al.
_____
Defendant

Case Number  2020 CA 003975 B

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

**Pro Se**
Name of Plaintiff's Attorney

Address
4020 Southern Avenue SE Washington DC 20020

(240) 432 - 0927
Telephone
如需翻译,请打电话 (202) 879-4828   Veuillez appeler au (202) 879-4828 pour une traduction   Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202)879-4828로 전화주십시오   ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

*Clerk of the Court*
By _____
Deputy Clerk

Date  09/14/2020

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]    Super. Ct. Civ. R. 4

Filed
D.C. Superior Court
09/14/2020 22:58PM
Clerk of the Court

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION—CIVIL ACTIONS BRANCH

**THOMAS J. ALSTON**
4020 Southern Ave, SE
Washington, DC 20020

      Plaintiff,

v.                                      Civil Action No.: 2020 CA 003975 B

**CAPITAL ONE FINANCIAL CORPORATION**

**Serve:** Corporation Service Company
100 Shockoe Slip, Flr 2
Richmond, VA 23219

      Defendant,

**DISCOVER FINANCIAL SERVICES LLC**

**Serve:** The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

      Defendant,

**NAVY FEDERAL CREDIT UNION**

**Serve:** Mary A McDuffie
820 Follin Ln SE
Vienna, VA 22180

      Defendant,

**HOME DEPOT U.S.A.**

**Serve:** Corporation Service Company
1090 Vermont Ave, NW #430
Washington, DC 20005

      Defendant.

### COMPLAINT AND JURY DEMAND

COMES NOW the Plaintiff, Thomas Alston, and for his complaint against the Defendants, he alleges as follows:

1

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees pursuant to 15 U.S.C. §1681 et seq. (Fair Credit Reporting Act or "FCRA").

## PARTIES TO THIS ACTION

2. Plaintiff Thomas Alston is a natural person who resides in the District of Columbia.

3. Capital One Financial Corporation ("Capital One") is a national bank.

4. Discover Financial Services ("Discover") is a national credit card company.

5. Navy Federal Credit Union ("NFCU") is a national credit union.

6. Home Depot U.S.A. ("HomeDepot") is a national home improvement retailer.

## FACTUAL ALLEGATIONS

**A.  Defendant Capital One**

7. Capital One is reporting inaccurate information to Equifax, Experian and Trans Union (collectively, the "CRAs").

8. Specifically, Capital One failed to report payments made by Mr. Alston in June 2020 and August 2020, failed to report a correct balance that reflects the payments, and failed to report the Date of First Delinquency.

9. Additionally, Capital One is reporting the account as joint account when it is an individual account.

10. Also, Capital One is reporting a very recent charge-off when the account was charged off months ago and reporting several charge-offs when there was only one charge-off.

11. Further, Capital One's reporting of the charge-off is misleading because the debt was collectible for Mr. Alston made a payment prior to the charge-off and sent a letter stating that he wanted to make payments.

2

12. Last, Capital One failed to report the mitigating circumstances – COVID-19 pandemic lockdown – that caused Mr. Alston's account to be in default.

13. Mr. Alston sent several dispute letters to the CRAs.

14. The dispute letters were detailed, and some instances supported by documents that clearly pointed out the inaccuracies in Capital One's reporting.

15. The CRAs forwarded the dispute to Capital One.

16. Capital One did not take Mr. Alston's disputes seriously and instructed the CRAs to continue reporting the disputed information without verifying the accuracy of the information.

17. Capital One did not even instruct the CRAs to report the debt as in a dispute status.

**B.     Defendant Discover**

18. Discover is and/or was reporting inaccurate information to the CRAs.

19. Specifically, Discover failed to report my payment accurately, failed to report a balance that accurately reflected my payment and failed to report the Date of First Delinquency.

20. Also, Discover is reporting the account as past due, but the account is no longer past due. Mr. Alston entered into a new agreement with Discover that modified the balance, payment and status of the account.

21. Additionally, Discover's prior reporting of the loan's balance was misleading because it indicated that Mr. Alston exceeded his credit limit, but he never made purchases in excess of his credit limit.

22. Last, Discover failed to report the mitigating circumstances – COVID-19 pandemic lockdown – that caused Mr. Alston's account to be in default.

23. Mr. Alston sent several dispute letters to the CRAs.

24. The dispute letters were detailed, and some instances supported by documents that clearly pointed out the inaccuracies in Discover's reporting.

3

25. The CRAs forwarded the dispute to Capital One.

26. Discover did not take Mr. Alston's disputes seriously and instructed the CRAs to continue reporting the disputed information without verifying the accuracy of the information.

27. Discover did not even instruct the CRAs to report the debt as in a dispute status.

**C.  Defendant NFCU**

28. NFCU is reporting inaccurate information to CRAs.

29. Specifically, NFCU failed to report payments made by Mr. Alston in June 2020, failed to report a correct balance that reflected the payment, and failed to report the Date of First Delinquency.

30. Additionally, NCU failed to report the account as Current after the account was brough current.

31. Last, NFCU's reporting of the loan was misleading as it failed to report the mitigating circumstances – COVID-19 pandemic lockdown – that caused Mr. Alston's account to be in default.

32. Mr. Alston sent several dispute letters to the CRAs.

33. The dispute letters were detailed, and some instances supported by documents that clearly pointed out the inaccuracies in NFCU's reporting.

34. The CRAs forwarded the dispute to NFCU.

35. NFCU did not take Mr. Alston's disputes seriously and instructed the CRAs to continue reporting the disputed information without verifying the accuracy of the information.

36. NFCU did not even instruct the CRAs to report the debt as in a dispute status.

**D.  Defendant Home Depot**

37. Home Depot is reporting inaccurate and/or misleading information to CRAs.

lowered the credit limit because of COVID-19 pandemic, which is out my control and needs to be reflected in Equifax's reporting.

38. Specifically, Home Depot reduced Mr. Alston's credit limit without good cause, thereby causing an increase in his credit utilization, which falsely made it appear that Mr. Alston utilized more of his credit than he actually did when he made his purchases.

39. Alternatively, Home Depot reduced Mr. Alston's credit limit due to the COVID-19 pandemic, but failed to report that his credit utilization increased due to mitigating circumstances that were out of his control and did not represent an accurate portrayal of his financial responsibility.

40. Mr. Alston disputed the Home Depot account with the CRAs.

41. The dispute letters were detailed, and clearly pointed out the inaccuracies above.

42. The CRAs forwarded the dispute to Home Depot.

43. Home Depot did not take Mr. Alston's disputes seriously and instructed the CRAs to continue reporting the disputed information without verifying the accuracy of the information.

44. Home Depot did not even instruct the CRAs to report the debt as in a dispute status.

## COUNT ONE: VIOLATIONS OF
## 15 U.S.C. § 1681s-2(b)(1)(A)

45. Plaintiff incorporates all other factual allegations set forth in the Complaint.

46. On one or more occasions within the past two years, by example only and without limitation, Defendants violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate Plaintiff's disputes.

47. When the Plaintiff mailed his disputes to the credit reporting agencies ("CRAs"), they used a dispute system named, "e-Oscar", which has been adopted by the CRAs and by their furnisher-customers such as Defendants. It is an automated system and the procedures used by the CRAs are systemic and uniform.

48. When the CRAs receive a consumer dispute, they (usually via an outsourced vendor) translate that dispute into an "ACDV" form.

49. Upon information and belief, the ACDV form is the method by which Defendants have elected to receive consumer disputes pursuant to 15 U.S.C. § 1681i(a).

50. Based on the manner in which the CRAs responded to the Plaintiff's disputes, representing that Defendants had "verified" the supposed accuracy of their reporting and/or that the source of the reporting provided additional information, Plaintiff alleges that the CRAs did in fact forward the Plaintiff's dispute via an ACDV to Defendants.

51. Defendants understood the nature of the Plaintiff's dispute when they received the ACDV from the CRAs.

52. Notwithstanding the above, Defendants followed a standard and systemically unlawful process when they receive the ACDV dispute. Basically, all the Defendants do is review its own internal computer screen for the account and repeat back to the ACDV system the same information that it already had reported to the CRAs.

53. When Defendants receive a consumer dispute through e-Oscar, it does not conduct a substantive review of any sort to determine whether or not the information already in its computer system is itself accurate.

54. As a result of Defendants' violations of 15 U.S.C. § 1681s-2(b)(1)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to credit profile and reputation, embarrassment, humiliation and other mental and emotional distress.

55. The ongoing infractions were either intentional, or Defendants cared so little about the duties owed under the FCRA that its conduct was carried out with reckless disregard, which gives rise to a willful violation, rendering Defendants liable pursuant to 15 U.S.C. § 1681n.

56. The violations by Defendants were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

57. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT TWO: VIOLATIONS OF
## 15 U.S.C. § 1681s-2(b)(1)(B)

58. Plaintiff incorporates all other factual allegations set forth in the Complaint.

59. On one or more occasions within the past two years, by example only and without limitation, Defendants violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the CRAs.

60. As Plaintiff detailed in the previous Count, Defendants have elected to use the e-Oscar system for its FCRA disputes received through the CRAs.

61. Defendants know the meaning of the dispute codes used by the CRAs in e-Oscar.

62. Defendants do not contend that the ACDV system is an inadequate means to receive FCRA disputes through the CRAs.

63. Defendants understood, or had an ample opportunity to understand, the nature of the Plaintiff's disputes.

64. Nevertheless, Defendants substantively ignored Plaintiff's dispute and instead simply regurgitated the same information they had previously reported to the CRAs.

65. As a result of Defendants' violations of 15 U.S.C. § 1681s-2(b)(1)(B), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to credit profile and reputation, embarrassment, humiliation and other mental and emotional distress.

66. The ongoing infractions were either intentional, or Defendants cared so little about the duties owed under the FCRA that its conduct was carried out with reckless disregard, which gives rise to a willful violation, rendering Defendants liable pursuant to 15 U.S.C. § 1681n.

67. The violations by Defendants were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

68. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT THREE: VIOLATIONS OF
## 15 U.S.C. § 1681s-2(b)(1)(C)&(D)

69. Plaintiff incorporates all other factual allegations set forth in the Complaint.

70. On one or more occasions within the past two years, by example only and without limitation, Defendants violated 15 U.S.C. §§ 1681s-2(b)(1)(C) and (D) by publishing its representations within Plaintiff's credit files with the CRAs without also including a notation that Plaintiff's disputes were unresolved and by failing to correctly report results of an accurate investigation to each credit reporting agency.

71. Specifically, Defendants failed to add the "XB" code to the CCC (Compliance Condition Code) field in the ACDV dispute forms when it responded to the CRAs.

72. On information and belief, the Plaintiff alleges that Defendants rarely, if ever, adds the XB code or other notation that an account remains in an active dispute status when it responds to e-Oscar ACDVs.

73. Defendants knew that the Plaintiff disputed the subject accounts through his dispute letters to the CRAs. Furthermore, Defendants knew that Plaintiff continued to dispute its reporting

8

by his subsequent disputes with the CRAs and his disputes that were lodged, both written and oral, directly with the Defendants.

74. The Plaintiff's disputes were bona fide in that if Plaintiff's claims were true, then Defendants were reporting inaccurate or misleading information to the CRAs.

75. As a result of Defendants' violations of 15 U.S.C. §§ 1681s-2(b)(1)(C) and (D), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to credit profile and reputation, embarrassment, humiliation and other mental and emotional distress.

76. The ongoing infractions were either intentional, or Defendants cared so little about the duties owed under the FCRA that their conduct was carried out with reckless disregard, which gives rise to a willful violation, rendering Defendants liable pursuant to 15 U.S.C. § 1681n.

77. The violations by Defendants were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

78. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT THREE: VIOLATIONS OF 15 U.S.C. § 1681s-2(b)(1)(E)

79. Plaintiff incorporates all other factual allegations set forth in the Complaint.

80. On one or more occasions within the past two years, by example only and without limitation, Defendants violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to inform the CRAs that the disputed information could not be conclusively verified and should be modified or deleted.

81. On information and belief, the Plaintiff alleges that Defendants rarely, if ever, modify or delete disputed information that they did not verify.

9

82. As a result of Defendants' violations of 15 U.S.C. § 1681s-2(b)(1)(E), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to credit profile and reputation, embarrassment, humiliation and other mental and emotional distress.

83. The ongoing infractions were either intentional, or Defendants cared so little about the duties owed under the FCRA that their conduct was carried out with reckless disregard, which gives rise to a willful violation, rendering Defendants liable pursuant to 15 U.S.C. § 1681n.

84. The violations by Defendants were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

85. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT FIVE: DEFAMATION

86. Plaintiff incorporates all other factual allegations set forth in the Complaint.

87. Defendants knew their reporting was false.

88. The records of Defendants clearly established their reporting was inaccurate.

89. Defendants' reporting constituted a defamatory statement because it was injurious to Plaintiff's financial profile, credit profile and employment profile.

90. Defendants knew by reporting the false information to the CRAs, the credit information would be reported to other third parties.

91. Defendants' false and defamatory reporting caused Plaintiff to suffer damages, including but not limited to: damage to his financial reputation, reduced credit score, loss of credit opportunity and emotional distress.

**WHEREFORE**, your Plaintiff demands judgment for actual, statutory and punitive damages against Defendant; for his attorney's fees and costs; for prejudgment and post-judgment interest; and any other relief deemed appropriate by this Court.

**A TRIAL BY JURY IS DEMANDED**

Respectfully submitted,

*/s/ Thomas Alston*

Thomas Alston
4020 Southern Ave SE
Washington, DC 20020
Tel: (240) 432-0927
E-mail: talston@washlegal.com

*Pro Se Plaintiff*